IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DONNA JOHANSEN CROSS,
and
DAVID CROSS,

        Plaintiffs,

v.                                    Civil Action No. 1:12-CV-1455 (TSE/TRJ)

PROSPECT MORTGAGE, LLC,
SARATOGA TITLE & ESCROW, INC., and
AMERICAN PORTFOLIO MORTGAGE CORP.,

        Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This action seeks damages for the false representation that a home loan was a United States Department of Agriculture Rural Development (USDA RD) guaranteed home loan. On the contrary, the loan was not part of the USDA RD program and at closing false charges for that program were added to the loan balance. The Defendants include the original lender, the closing agent, and the current holder of the loan. Despite notice to them of the fraud, remedial steps have not been taken. The claims by Plaintiffs include violation of the federal Equal Credit Opportunity Act (ECOA) 15 U.S.C. §1691 et seq., fraud, constructive fraud, and violation of the Virginia Mortgage Lenders and Mortgage Brokers Act, the Virginia Real Estate Settlements Act, and the Virginia Consumer Protection Act.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the ECOA, 15 U.S.C. §1691e(f), and has supplemental jurisdiction of the state law claims regarding the same transaction and events under 28 U.S.C. § 1367(a).

## PARTIES

3. Plaintiffs Donna Johansen Cross and David Cross are a married couple who reside in Warrenton, Virginia.

4. Defendant, Saratoga Title & Escrow, Inc. ("Saratoga") is a Virginia corporation doing business at 550 Broadview Avenue, Suite 101, Warrenton, Virginia 20186 and has as its registered agent Sidney E. Worley, Jr. who is located at the same address.

5. Defendant, Prospect Mortgage, LLC ("Prospect") is a Delaware corporation doing business throughout the United States and operates in the Commonwealth of Virginia as a mortgage lender under license MC-2195; its principal place of business is 15301 Ventura Blvd., Suite D300, Sherman Oaks, California 91403 and has as its registered agent Corporation Service Company located at Bank of America Center, 16th floor, 1111 E. Main Street, Richmond, Virginia 23219.

6. Defendant American Portfolio Mortgage Corp. ("American Portfolio") is a Nevada corporation doing business throughout the United States and operates in the Commonwealth of Virginia; its principal place of business is 800 E. NW Highway, #821, Palatine, IL 60074, and has as its registered agent Scott Vorreyer who is located at the same address.

## STATEMENT OF FACTS

7. In 2009, Mr. and Mrs. Cross wanted to purchase a home and needed to borrow money in order to do so.

8. They began working with employees of Prospect to get a USDA RD guaranteed home loan.

9. Because they had been informed that the loan would be easier to get without Mr. Cross's credit history taken into account, they decided that the home and the USDA RD loan would be only in Donna Johansen Cross's name.

10. Donna Johansen Cross applied to Prospect for a USDA RD guaranteed home loan that would fund the purchase of 7102 Kelly Road, Warrenton, Virginia, without requiring additional money to be brought to closing.

11. Prospect told her she was approved for a USDA RD guaranteed home loan that would fund the purchase of 7102 Kelly Road, Warrenton, Virginia, without requiring additional money to be brought to closing.

12. Saratoga agreed to work as the settlement agent to close a USDA RD guaranteed home loan that would fund the purchase of 7102 Kelly Road, Warrenton, Virginia, without requiring additional money to be brought to closing.

13. Both Mr. and Mrs. Cross attended a loan closing on March 30, 2010.

14. At the closing, Saratoga provided Donna Johansen Cross with a document that stated that a condition to the closing of the loan was to "COMPLY WITH ALL USDA CONDITIONS." (See Exhibit A, ADDENDUM TO LENDER'S CLOSING INSTRUCTIONS).

15. At the closing, Saratoga provided Donna Johansen Cross with a document that stated that a condition prior to funding and/or disbursement of funds was to "COMPLY WITH ALL USDA CONDITIONS." (See Exhibit B, CONDITION TO BE MET PRIOR FUNDING).

16. Based on the representations from Saratoga that Donna Johansen Cross's USDA RD guaranteed home loan was ready to close, Mr. and Mrs. Cross agreed that she sign the documents presented at the loan closing.

17. As part of the closing, Saratoga provided Donna Johansen Cross with a HUD-1 Settlement Statement that indicated on page 2, line 902, that $7,956.00 of the loan proceeds had been paid to the USDA for mortgage insurance. (See Exhibit C).

18. Mr. and Mrs. Cross knew that a substantial premium charge would be added to the principal balance to pay for the significant benefits that would come with a USDA RD guaranteed home loan.

19. As part of the loan closing, Donna Johansen Cross signed this HUD-1 and the other documents presented to her.

20. She signed all the documents presented to her based on the Crosses' reasonable belief that a USDA RD guaranteed home loan was being provided.

21. In fact, Prospect had never received approval from USDA RD to provide a USDA RD guaranteed home loan that would fund the purchase of 7102 Kelly Road, Warrenton, Virginia, without requiring additional money to be brought to closing.

22. Prospect misrepresented to Mr. and Mrs. Cross that it was providing a USDA RD guaranteed home loan that would fund the purchase of 7102 Kelly Road, Warrenton, Virginia, without requiring additional money to be brought to closing.

23. Saratoga misrepresented to Mr. and Mrs. Cross that it was closing a USDA RD guaranteed home loan that would fund the purchase of 7102 Kelly Road, Warrenton, Virginia, without requiring additional money to be brought to closing.

24. Despite the loan closing condition requiring compliance with all USDA conditions prior to funding and disbursement, Saratoga proceeded to recording and disbursement as if these conditions had been met.

25. The USDA RD program never approved a USDA RD guaranteed home loan that would fund the purchase of 7102 Kelly Road, Warrenton, Virginia, without requiring additional money to be brought to closing.

26. Prospect knew that USDA RD never approved a USDA RD guaranteed home loan that would fund the purchase of 7102 Kelly Road, Warrenton, Virginia, without requiring additional money to be brought to closing.

27. Neither Prospect nor Saratoga informed Mr. and Mrs. Cross that USDA RD never approved a USDA RD guaranteed home loan that would fund the purchase of 7102 Kelly Road, Warrenton, Virginia, without requiring additional money to be brought to closing.

28. At the time of closing, Mr. and Mrs. Cross had no knowledge and no reasonable opportunity to learn that the loan was not a USDA RD guaranteed home loan.

29. The HUD-1 was not accurate because the $7,956.00 shown on line 902 was not used to procure mortgage insurance from the USDA.

30. Eventually, on August 8, 2011, Prospect sent a credit of $7,956.00 to the servicer for the loan as a credit to the principal balance. (See Exhibit D, loan statement dated 8/15/2011).

31. Mr. and Mrs. Cross were unaware of this credit and were not told the reason for it.

32. On March 19, 2012, another credit was processed by Prospect in the amount of $79.56, and this time Prospect sent the credit directly to Donna Johansen Cross. (See Exhibit E, letter and attached check).

33. Also in March of 2012, Saratoga prepared an amended HUD-1 that showed the $79.56 credit added on line 204. (See Exhibit F, letter and amended HUD-1).

34. From the time of the closing until at least August 8, 2011, Prospect fraudulently concealed from Mr. and Mrs. Cross that the loan that was provided was not a USDA RD guaranteed home loan, and any statutes of limitations were tolled until this time.

35. Prospect sold the loan documents after it conducted the closing and received value for them as if they represented a USDA RD guaranteed home loan.

36. Mr. and Mrs. Cross are informed and believe that the current owner of the loan is American Portfolio.

37. American Portfolio is also the current servicer of the loan.

38. Mr. and Mrs. Cross learned that they had never been given a USDA RD guaranteed home loan when they attempted to refinance their obligation in the summer of 2012.

39. One of the many benefits of a USDA RD guaranteed home loan is the ability to refinance within the USDA RD guaranteed home loan program at low interest rates and high loan-to-value percentages.

40. As of July 2012, a new lender, Virginia Heritage Bank, approved a refinanced USDA RD guaranteed home loan at a rate below 4%.

41. A closing date of July 9, 2012, was set for that refinanced USDA RD guaranteed home loan.

42. In early July 2012, Mr. and Mrs. Cross learned for the first time that they had never been given a USDA RD guaranteed home loan.

43. This fact was discovered when the new lender tried to confirm the status of the purported USDA RD loan.

44. Since early July 2012, Mr. and Mrs. Cross have been trying to get Prospect to resolve this situation.

45. Despite repeated calls to Prospect, the loan servicer, and the USDA, Prospect refused to take the steps necessary to provide a USDA RD loan.

46. On November 13, 2012, by counsel, Donna Johansen Cross sent out formal notice to all Defendants that she was canceling the transaction because of the fraud. (See, Exhibit G).

47. None of the Defendants have taken the necessary steps to cancel the transaction and no money has been refunded.

48. Mr. and Mrs. Cross stand ready, willing, and able to make payments on a USDA RD guaranteed home loan as they were promised.

49. The conduct of Prospect shows such malicious or reckless disregard for the rights of Mr. and Mrs. Cross and all borrowers that punitive damages should be assessed against it.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE ECOA - AGAINST PROSPECT

50. The allegations of the foregoing paragraphs of the Complaint are incorporated by reference.

51. Under 15 U.S.C. § 1691(d) of the ECOA, a creditor is required to truthfully inform an applicant of the action taken on a credit application.

52. Prospect was a creditor and Donna Johansen Cross an applicant for credit.

53. Prospect provided a false notice to her that she was approved for a USDA RD guaranteed home loan.

54. Prospect failed to provide an adverse action notice to her that she was not approved for a USDA RD guaranteed home loan.

55. Under 15 U.S.C. § 1691e(a), (b), (c), and (d), Donna Johansen Cross can recover her actual damages, $10,000.00 in statutory damages, equitable and declaratory relief, and attorney's fees and costs.

## SECOND CAUSE OF ACTION
## FRAUD/CONSTRUCTIVE FRAUD - AGAINST ALL DEFENDANTS

56. The allegations of paragraphs 1 through 49 of the Complaint are incorporated by reference.

57. Both Prospect and Saratoga misrepresented to Mr. and Mrs. Cross that a USDA RD guaranteed home loan was being provided.

58. Both Prospect and Saratoga knew or should have known that a USDA RD guaranteed home loan was not being provided.

59. In the alternative of a knowing misrepresentation, Saratoga's misrepresentation was innocent or negligent sufficient for a constructive fraud claim.

60. The misrepresentation that a USDA RD guaranteed home loan was being provided was made by both Prospect and Saratoga with the intent that Mr. and Mrs. Cross rely on it.

61. Mr. and Mrs. Cross did rely on the misrepresentation by agreeing that Mrs. Cross should sign the documents presented at closing.

62. Mr. and Mrs. Cross were both harmed by this reliance because the loan was not a USDA RD guaranteed home loan, because they were unable to obtain a USDA RD guaranteed home loan refinance, and because they suffered stress, lost time and inconvenience.

63. As a result of this fraud, Donna Johansen Cross seeks cancellation of the loan, and both she and her husband seek actual damages.

64. Prospect's fraud is so pernicious that punitive damages are both warranted and necessary to ensure that Prospect and other lenders know not to misrepresent that the USDA, or any federal entity, is providing a guarantee to a home loan.

65. As the holder of the loan created by fraud, American Portfolio is subject to the claim Ms. Cross has that the loan should be canceled and damages awarded because the loan is fraud *in factum* and because American Portfolio was on notice of this fraud when it accepted the loan from its prior holder.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT
## AGAINST SARATOGA

66. The allegations of paragraphs 1 through 49 of the Complaint are incorporated by reference.

67. Saratoga was a supplier in a consumer transaction regulated by the Virginia Consumer Protection Act (VCPA).

68. Both Mr. and Mrs. Cross are persons who suffered a loss as a result of Saratoga's violations of the VCPA.

69. Saratoga violated § 59.1-200(A)(14) in numerous ways, including but not limited to:

    A. recording and disbursing even though the conditions for settlement were not met;

    B. providing a HUD-1 which falsely stated USDA insurance had been purchased;

    C. falsely stating the loan was ready to close; and

    D. providing an amended HUD-1 to correct an error of $79.56 but not attempting to provide any correction of an error of $7956.00.

70. Mr. and Mrs. Cross suffered damages as the result of Saratoga's violations of the VCPA, including, but are not limited to, loss of accurate information about what loan was being provided, receiving a loan without the benefits they were promised, excessive charges, stress, lost time and inconvenience.

71. Saratoga's violations of the VCPA were willful, or in the alternative were negligent and not the result of reasonable procedures adopted to avoid such errors as referenced in Va. Code § 59.1-207.

72. As the result of Saratoga's violations of the VCPA, Mr. and Mrs. Cross are entitled to recover the greater of $1000 or up to three times their actual damages against Saratoga for its willful violations of the Act, as provided by Va. Code § 59.1-204(A), or to recover their actual damages or $500, whichever is greater, if Saratoga's violations of the VCPA are not found to have been willful, and also their reasonable attorney's fees and court costs.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE VIRGINIA REAL ESTATE SETTLEMENTS ACT
### AGAINST SARATOGA

73. The allegations of paragraphs 1 through 49 of the Complaint are incorporated by reference.

74. Saratoga is the settlement agent in the loan transaction as that term is defined in Va. Code § 55-525.8.

75. As stated in Va. Code § 55-525.8, "Settlement" is "the time when the settlement agent has received the duly executed deed, loan funds, loan documents, and other documents and funds required to carry out the terms of the contract between the parties and the settlement agent reasonably determines that prerecordation conditions of such contracts have been satisfied."

76. Va. Code § 55-525.8 further states that "[a] determination by a settlement agent that prerecordation conditions have been satisfied shall not control the rights and obligations of the parties under the contract including whether settlement has occurred under the terms and conditions of the contract. "Parties" as used in this definition means the seller, purchaser, borrower, lender, and the settlement agent."

77. As required by Va. Code § 55-525.8, Saratoga was to determine that the prerecordation conditions of the USDA were met prior to settlement, and settlement could not occur until this happened.

78. Pursuant to Va. Code § 55-525.11, Saratoga was to record the deed and deed of trust within two business days of settlement, and was not to disburse all the loan funds prior to recording those documents.

79. Because the prerecordation conditions were not met, settlement should never have occurred and the funds not disbursed.

80. Pursuant to Va. Code § 55-525.15, any persons suffering a loss due to the failure of the settlement agent to cause disbursement as required by the Virginia Real Estate Settlements Act is entitled to recover actual damages plus reasonable attorney fees.

81. Mr. and Mrs. Cross are persons suffering losses due to the failure of Saratoga to cause disbursement as required by the Virginia Real Estate Settlements Act, and they are entitled to recover their actual damages, plus reasonable attorney fees.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE VIRGINIA MORTGAGE LENDERS AND MORTGAGE BROKERS ACT -- AGAINST PROSPECT

82. The allegations of paragraphs 1 through 49 of the Complaint are incorporated by reference.

83. Prospect was the mortgage lender in the transaction as that term is defined in Va. Code § 6.2-1600.

84. As stated in Va. Code § 6.2-1615, "[n]o mortgage lender required to be licensed under this chapter shall fail to require the person closing the mortgage loan to provide to the borrower prior to closing of the mortgage loan, a (i) settlement statement and (ii) disclosure

which conforms to that required by the provisions of 15 U.S.C. § 1601 et seq. and Federal Reserve Board Regulation Z (12 C.F.R. Part 226)."

85. Prospect violated Va. Code § 6.2-1615 because rather than requiring Saratoga to provide a settlement statement and disclosure which conforms to the provisions of 15 U.S.C. § 1601 et seq. and Federal Reserve Board Regulation Z (12 C.F.R. Part 226), it required Saratoga to use false disclosures that misrepresented that $7,956.00 was paid for the USDA insurance, and a much smaller misrepresentation of $79.56.

86. Under Va. Code § 6.2-1628(A), any party to a mortgage loan may enforce the provisions of Va. Code § 6.2-1615.

87. Under Va. Code § 6.2-1628(B), "[i]n any suit instituted by a borrower who alleges that the defendant violated § 6.2-1614, 6.2-1615, or 6.2-1616, the presiding judge may, in the judge's discretion, allow reasonable attorney fees to the attorney representing the prevailing party. The attorney fees shall be taxed as a part of the court costs and payable by the losing party upon a finding by the presiding judge that (i) the party charged with the violation has willfully engaged in the act or practice with which he was charged or (ii) the party instituting the action knew, or should have known, that the action was frivolous and malicious."

88. As the borrower, Donna Johansen Cross is entitled to bring suit to enforce the requirements of Va. Code § 6.2-1615, and may recover attorney fees.

89. As a result of the Prospect violation of Va. Code § 6.2-1615, Donna Johansen Cross did not receive the loan under the terms disclosed, did not receive the benefits that were promised, and even though the improper fees were later refunded, was assessed interest on those fees from March 30, 2010 until they were refunded.

90. Because Prospect's violation was willful, attorney fees must be awarded.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request that the Court grant the following relief:

1. Award Plaintiffs statutory damages of $10,000.00 against Defendant Prospect for its violations of the ECOA.

2. Award Plaintiffs one duplicative award of actual damages against Defendants for the actual damages under the ECOA, the fraud/constructive fraud, VCPA, Virginia Real Estate Settlements Act, and Virginia Mortgage Broker and Mortgage Lender Act.

3. Award Plaintiffs up to three times their actual damages against Defendant Saratoga for its willful violations of VCPA, as provided by Va. Code § 59.1-204(A).

4. Cancel the loan transaction, compute an adjusted principal balance by subtracting all costs and fees of closing from the principal balance of the loan, crediting all payments made to the principal balance of the loan, and order that the deed of trust securing the loan be marked satisfied in exchange for payment of the adjusted principal balance.

5. Award Plaintiffs their reasonable attorneys' fees and costs against Defendant Prospect and American Portfolio under the ECOA and the Virginia Mortgage Broker and Mortgage Lender Act claims, and against Saratoga under the VCPA and Virginia Real Estate Settlements Act claims.

6. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Donna Johansen Cross
David Cross
By Counsel

*/s/ Dale W. Pittman*

By: Dale W. Pittman, VSB#15673
Counsel for Donna Johansen Cross and David Cross
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

Thomas D. Domonoske VSB #35434
461 Lee Avenue
Harrisonburg, VA 22802
540-442-7706
tomdomonoske@earthlink.net

Page 14