IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DONNA JOHANSON CROSS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.:  1:12-cv-1455 |
| ) | |
| PROSPECT MORTGAGE, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### PROSPECT MORTGAGE, LLC'S MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS COUNT V OF THE COMPLAINT

Defendant Prospect Mortgage, LLC ("Prospect"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, states the following as its Memorandum in Support of Motion to Dismiss Count V of the Complaint of Plaintiffs Donna Johanson Cross and David Cross ("Plaintiffs"):

### INTRODUCTION

In Count V of their Complaint, Plaintiffs allege that Prospect violated the Virginia Mortgage Lenders and Mortgage Brokers Act, Va. Code Ann. § 6.2-1600, *et seq*. ("MLMBA") in connection with a loan that closed on March 30, 2010.  (Compl. ¶¶ 13, 82-90.)  The specific provisions of the MLMBA that Plaintiffs seek to enforce (§§ 6.2-1615, -1628(A)) did not become effective until October 1, 2010, six months after Plaintiffs' loan closing.  See Acts of Assembly Ch. 794, S 295 (April 21, 2010) ("An Act to … amend the Code of Virginia by adding a title numbered 6.2, …  containing … Subtitle III, consisting of chapters numbered 14 through 21, containing sections numbered 6.2-1400 through 6.2-2111").  There is no indication that the Virginia General Assembly intended to apply Title 6.2 retroactively.  Accordingly, Count V fails to state a claim against Prospect for which relief can be granted.

## STATEMENT OF RELEVANT FACTS[1]

Plaintiffs applied to Prospect for a United States Department of Agriculture Rural Development (USDA RD) guaranteed home loan. (Compl. ¶10.) Plaintiffs allege that Prospect told them they were approved for such a loan, and they proceeded to closing on that basis. (Id. ¶¶ 11-13.) The loan closing occurred on March 30, 2010. (Id. ¶ 13.)

Plaintiffs allege that Prospect misrepresented that it was providing them with a USDA RD guaranteed home loan when in fact Prospect never received approval for such a loan without requiring additional money to be brought to closing. (Id. ¶¶ 21-22.) In August 2011, Prospect credited $7,956.00 to Plaintiffs' account, which represented part of Plaintiffs' loan that was to be used to pay the USDA for mortgage insurance. (Id. ¶¶ 17, 30.)

In Count V, Plaintiffs allege that Prospect violated Virginia Code § 6.2-1615 by allowing the settlement agent, Saratoga Title & Escrow, Inc. ("Saratago") to provide Plaintiffs with a HUD-1 settlement statement that misrepresented the $7,956.00 payment to the USDA for mortgage insurance and misrepresented an additional $79.56 charge. (Id. ¶ 85.) Plaintiffs allege that this violation entitles them to sue Prospect and recover attorney's fees under Virginia Code § 6.2-1628(E). (Id. ¶¶ 87-88.) Virginia Code § 6.2-1615 requires that mortgage lenders must require that settlement agents provide a borrower a settlement statement that complies with the requirements of applicable federal law.

## STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[, not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). "[A] complaint attacked

---

[1] This Statement of Relevant Facts is derived from the Complaint allegations and is accepted as true only for the purposes of this Motion to Dismiss.

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a claim will not do." Id.  Thus, to survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts "to raise a right to relief above the speculative level" and must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 545, 570.

Applying the Twombly standard, the Supreme Court of the United States has explained that:

> Two working principles underlie our decision in Twombly.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a claim, supported by mere conclusory statements, do not suffice.  (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation).  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 663-64, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotations and citations omitted).

**ARGUMENT AND AUTHORITY**

Virginia statutes are "always to be construed as operating prospectively, unless a contrary intent is manifest." Adams v. Alliant Techsystems, Inc., 261 Va. 594, 599, 544 S.E.2d 354, 356 (2001) (quoting Duffy v. Hartsock, 187 Va. 406, 419, 46 S.E.2d 570, 576 (1948)). To this end, Virginia Code § 1-238 provides that:

> "Reenacted," when used in the title or enactment of a bill or act of the General Assembly, means that the changes enacted to a section of the Code of Virginia or an act of the General Assembly are in addition to the existing substantive provisions in that section or act, and are effective prospectively unless the bill expressly provides that such changes are effective retroactively on a specified date.
>
> The provisions of this section are declaratory of existing public policy and law.

Va. Code. Ann. § 1-238 (2013). The bill that enacted Title 6.2 contains no express provision that Virginia Code §§ 6.2-1615, -1628(A) are effective retroactively. Acts of Assembly Ch. 794, S 295 (April 21, 2010).

The provisions of the MLMBA that Plaintiffs seek to enforce in Count V of their Complaint operate prospectively only from October 1, 2010, id., which is six months after Plaintiffs' loan closing. Accordingly, this Court cannot apply Virginia Code §§ 6.2-1615, -1628(A) to Plaintiffs' loan closing on March 30, 2010, and Plaintiffs cannot state a claim against Prospect for a violation of these provisions of the MLMBA. See Michael v. Sentara Health Sys., 939 F. Supp. 1220, 1230 (E.D. Va. 1996) (applying statute of limitations that was in effect at time Plaintiffs' cause of action accrued); Derflinger v. Ford Motor Co., 1988 U.S. Dist. LEXIS 18220, *7 (E.D. Va. Jan. 14, 1988) ("This Court will not make a legislative enactment retroactive when the legislature itself declined to do so").

## CONCLUSION

WHEREFORE, Prospect Mortgage, LLC, by counsel, respectfully requests that the Court sustain its Motion and dismiss Count V of the Complaint with prejudice and award Prospect any further relief to which it is justly entitled.

5

PROSPECT MORTGAGE, LLC


By:  /s/ Robert D. Perrow
Robert D. Perrow (VSB #14766)
J.P. McGuire Boyd, Jr. (VSB # 72753)
WILLIAMS MULLEN
200 South 10th Street
Richmond, VA  23218-1320
Tel:  (804) 420-6000
Fax:  (804) 420-6507
bperrow@williamsmullen.com
mboyd@williamsmullen.com
*Counsel for Defendant Prospect Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Dale Wood Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St
Petersburg, VA 23803-3212
(804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com
*Counsel for Plaintiffs*

Fernando Peter Silva, II, Esq.
Gowen Group Law Office PLLC
1325 G Street NW, Suite 500
Washington, DC 20005
202-380-9355
Fax: 202-499-1370
Email: peter.silva@gowengroup.com
*Counsel for Plaintiffs*

Thomas Dean Domonoske, Esq.
Thomas D. Domonoske, Attorney at Law
461 Lee Avenue
Harrisonburg, VA 22802
(540) 442-8616
Email: tomdomonoske@earthlink.net
*Counsel for Plaintiffs*

Matthew Allan Ranck
Eccleston and Wolf PC (VA)
10400 Eaton Place, Suite 107
Fairfax, VA 22030
703-218-5330
Fax: 410-752-0611
Email: ranck@ewdc.com
*Counsel for Saratoga Title and Escrow, Inc*

and by regular mail, postage prepaid to:

American Portfolio Mortgage Corp.
800 E. NW Highway, #821
Palatine, IL 60074
Attn: Scott Vorreyer

By: /s/ Robert D. Perrow
Robert D. Perrow (VSB #14766)

20850202_1