**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

DONNA JOHANSEN CROSS, *et al.*,     *

     Plaintiffs     *

     *

v.     *

     *       Civil Action No. 1:12-CV-1455-TSE/JFA

PROSPECT MORTGAGE, LLC, *et al.*,     *

     *

     Defendant.     *

     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AMENDED JOINT REPORT ON DISCOVERY PLANNING CONFERENCE

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties held their discovery planning conference by teleconference on **Wednesday, April 10, 2013**.  The telephone conference was attended by Dale W. Pittman, Esquire, Thomas D. Domonoske, Esquire, and F. Peter Silva, II, Esquire attorneys for the Plaintiffs Donna Johansen Cross and David Cross, Robert Dean Perrow, Esquire and J.P. McGuire Boyd, Esquire, attorneys for Defendant Prospect Mortgage, LLC, and Matthew A. Ranck, Esquire and Elias G. Saboura-Polkovotsy, Esquire, attorneys for Defendant Saratoga Title and Escrow, Inc.  Subsequently, James G. Smalley, Esquire, noted an appearance in this action for Defendant American Portfolio Mortgage Corp. and participated in reviewing and amending the previously filed report.

Plaintiff contends that prior to closing Prospect neither applied nor received a conditional commitment for a loan guarantee on the terms of the loan that was closed.  Although a prior loan commitment may have been obtained, it would have been for different loans terms and Prospect was required to obtain a different conditional commitment.  Furthermore, when USDA did not provide an insurance guarantee, notice of this adverse action was never provided to Ms. Cross.

Additionally, when a purported rebate of the loan insurance fee of $7,956.00 was sent to the loan servicer over 16 months later, no notice was provided to Ms. Cross of the nature and purpose of this money.  Finally, this amount of money was known to be insufficient to cover the interest that was assessed on that $7,956.00 for those 16 months.  Plaintiffs do not believe that these core facts are genuinely in dispute.

Saratoga contends that it breached no obligation pursuant to the lender's closing instructions or otherwise, and acted reasonably and appropriately in all respects with regard to the services it provided.  In particular, Saratoga took reasonable steps to determine that all conditions of settlement were satisfied (or withdrawn), and conducted settlement based on the information supplied by the parties.  Saratoga contends that no alleged act, error or omission on its part caused any harm to Plaintiffs.  Saratoga contends that its defenses are set forth in the Answer it filed.  Saratoga agrees that an early mediation of this matter is appropriate.

Prospect denies any liability in this case as set forth in its Answer and Motion to Dismiss. Prospect is still investigating this matter and what occurred in the underwriting process. Prospect contends that its defenses are set forth in its Answer and Motion to Dismiss.

American Portfolio denies any liability to Plaintiffs as stated in its Answer and Grounds of Defense.  American Portfolio is beginning its investigation of this matter.  American Portfolio contends that the remedies sought by Plaintiffs against American Portfolio are not available to Plaintiffs.

The parties submit the following as their joint Initial Pretrial Report:

1.  **Early Disposition.**         Regarding the possibility for settling or resolving the case, Plaintiffs have offered to attend a mediation with all parties to resolve this matter before the time and expense of discovery is incurred.  Saratoga and American Portfolio agree that an early mediation of this matter is appropriate.  Prospect hopes to resolve this matter quickly and is considering mediation as an option.

2.     **Magistrate Judges.**     All the parties <u>do not</u> consent to a trial before a magistrate judge.

3.     **Disclosures.**     This case is not exempt from initial disclosures under Fed.R.Civ.P. 26(a).

   a.   **Initial Disclosures.**  Initial Disclosures under Fed.R.Civ.P. 26(a)(1) will be made no later than **Friday, May 3, 2013**.  The parties do not stipulate to vary the requirements for initial disclosures under Rule 26(a)(1).

   b.   **Expert Disclosures.**  Expert Disclosures under Fed.R.Civ.P. 26(a)(2) should be made according to the following schedule:

      i.   At this time, Plaintiffs do not intend to designate an expert.  If that changes, reports from experts under Rule 26(a)(2) retained by Plaintiffs, counter-claimants, third party plaintiffs, and cross-claimants shall be due on or before **Tuesday, June 10, 2013** (60 days before date of discovery completion).

      ii.  Reports under Rule 26(a)(2) from experts retained by defendants shall be due on or before **Thursday, July 10, 2013** (30 days before date of discovery completion).

      iii. Plaintiffs should disclose any evidence that is solely contradictory or rebuttal evidence to Defendants' experts' disclosure on or before **Friday, July 25, 2013** (15 days before date of discovery completion).

   c.   **Pretrial Disclosures.** Pretrial disclosures under Fed.R.Civ.P. 26(a)(3) should be made according to the following schedule:

      i.   Final lists of witnesses to be called at trial, lists of exhibits to be used at trial, and a written stipulation of uncontested facts (if any) under Rule 26(a)(3) should be due by each party and exchanged at the Final Pretrial Conference currently scheduled to be held on **Thursday, August 15, 2013 at 11:00 a.m.**  The exhibits themselves or a copy should be exchanged with opposing counsel before the Final Pretrial Conference as well.

      ii.  Parties should file objection(s) to the final lists of witnesses and exhibits under Rule 26(a)(3) by **Monday, August 26, 2013** (10 days after the Final Pretrial Conference).  If no timely objections are made, the exhibits shall stand admitted in evidence.  The original exhibits shall be delivered to the clerk as provided by Local Rule 79(A).  <u>Non-expert witnesses and exhibits not so disclosed and listed will not be permitted at trial except for impeachment or rebuttal, and no person may testify whose identity, being subject to disclosure or timely requested in discovery, was not disclosed in</u>

time to be deposed or permit the substance of his knowledge and opinions be ascertained.

4.   **Subjects on which Discovery may be needed.**   The parties jointly propose to the court the following discovery plan:

a.   **Subjects of Discovery.**        Discovery will be needed on the following subjects:

    i.   The facts and matters alleged in the Pleadings and Papers filed by any of the parties in this case.

    ii.   Whether Plaintiffs are entitled to the relief sought?

    iii.   Whether any of the Defendants committed the wrongs as alleged?

    iv.   Whether the Defendants made any promises as alleged?

    v.   Whether the Defendants are indebted as alleged?

    vi.   The nature and the scope of the duties allegedly owed by the Defendants to the Plaintiffs?  What is the standard of care?

    vii.   Whether the Defendants breached any duties or the standard of care as alleged?

    viii.   What damages, if any, did the Defendants' alleged breach of duty cause?

    ix.   Were there other causes or intervening factors that were a substantial factor in causing the Plaintiffs' alleged damages?

    x.   What is the scope and nature of the damages allegedly incurred as a result of each of the Defendants' alleged acts or omissions?

    xi.   Whether any of the acts or omissions by any of the Defendants beached any statutes?

    xii.   Whether the Defendants' alleged acts or omissions were excused?

    xiii.   Whether the Plaintiffs' alleged claims are barred?

This section is not intended to restrict the scope of discovery available pursuant to Fed. R. Civ. P. 26(b)(1).

5.   **Date of Discovery Completion**: All Discovery must be commenced in time to be completed by **Friday, August 9, 2013**.  "Complete" means that all interrogatories, requests for production, requests for admissions and other discovery must be served

sufficiently in advance of trial to allow a timely on or before **Friday, August 9, 2013**. Depositions may be taken after the specified time period by agreement of counsel of record or for good cause shown, provided however, that the taking of a deposition after the deadline established herein shall not provide a basis for continuance of the trial date or the scheduling of motions inconsistent with the normal procedures of the court.

6.     **Discovery Procedures other than Disclosures:**   The parties seek no change in the limitations on discovery as provided in the Federal Rules of Civil Procedure or the local rules. The final supplementation of discovery under Rule 26(e) is due by **Friday, August 9, 2013**.

7.     **Protective Order:**  The parties intend to submit a proposed protective to cover the disclosure and use of confidential material.

8.     **Other Recommended Dates for Scheduling Order.**

   a.   **Dispositive Motions.** All potentially dispositive motions shall be filed no later than **Friday, August 23, 2013**.

   b.   **Final Pretrial Conference.** The final Pretrial Conference will be held on **Thursday, August 15, 2013 at 11:00 a.m**.  Counsel who appear at the final pretrial conference must be the person who will try the case.

   c.   **Trial.** The case should be ready for trial by **October 13, 2013**, and, at this time, is expected to take 4 days.

Dated:  April 12, 2013                              Respectfully submitted,

**DONNA JOHANSEN CROSS AND
DAVID CROSS**, the Plaintiffs, by Counsel

/s/  Dale Wood Pittman, Esquire              /s/  Thomas D. Domonoske, Esquire
Dale Wood Pittman (VSB #15673)              Thomas D. Domonoske (VSB #35434)
**THE LAW OFFICE OF DALE W.              THOMAS D. DOMONOSKE, ATTORNEY
PITTMAN, P.C.                              AT LAW**
112-AW Tabb Street                         461 Lee Avenue
St. Petersburg, VA  23803-3212              Harrisonburg, VA  22802
Telephone:  (804) 861-6000                  Telephone:  (540) 442-7706
Facsimile:  (804) 861-3368                  Facsimile:
E-mail: *dale@pittmanlawoffice.com*          E-mail: *tomdomonoske@earthlink.net*

*Lead Attorney for the Plaintiffs*           *Attorney for Plaintiffs*

/s/ F. Peter Silva, II, Esquire
Fernando Peter Silva II (VSB# 80935)
Gowen Group Law Office PLLC
1325 G Street NW, Suite 500
Washington, D.C. 20005
Telephone:  (202) 380-9355
Facsimile:  (202) 499-1370
E-mail:  *peter.silva@gowengroup.com*

*Attorney for Plaintiffs*

**PROSPECT MORTGAGE, LLC**, one of
the Defendants, by Counsel

/s/  Robert Dean Perrow, Esquire
Robert Dean Perrow (VSB #14766)
**WILLIAMS MULLEN**
20 South 10th Street, 16th Floor
Richmond, VA  23219
Telephone:  (804) 420-6000
Facsimile:  (804) 420-6507
E-mail:  *bperrow@williamsmullen.com*

*Lead Attorney for Prospect Mortgage, LLC*

/s/  J.P. McGuire Boyd, Jr., Esquire
John Peyton McGuire Boyd, Jr. (VSB#72753)
**WILLIAMS MULLEN**
20 South 10th Street, 16th Floor
Richmond, VA  23219
Telephone:  (804) 420-6000
Facsimile:  (804) 420-6507
E-mail:  *mboyd@williamsmullen.com*

*Attorney for Prospect Mortgage, LLC*

**SARATOGA TITLE AND ESCROW,
INC.,** one of the Defendants**,** by Counsel:

/s/ Matthew A. Ranck, Esquire
Matthew A. Ranck (VSB #51110)
**ECCLESTON AND WOLF, P.C.**
Baltimore-Washington Law Center
7240 Parkway Drive-4th Floor
Hanover, Maryland 21076
Telephone:  (703) 218-5330
Facsimile:  (410) 752-0611
E-mail:  *ranck@ewva.com*

*Lead Attorney for Saratoga Title and
Escrow, Inc.*

/s/ Elias G. Saboura-Polkovotsy, Esquire
Elias G. Saboura-Polkovotsy (VSB #72256)
**ECCLESTON AND WOLF, P.C.**
Baltimore-Washington Law Center
7240 Parkway Drive-4th Floor
Hanover, Maryland 21076
Telephone:  (703) 218-5330
Facsimile:  (410) 752-0611
E-mail:  *saboura@ewva.com*

*Attorney for Saratoga Title and Escrow, Inc.*

**AMERICAN PORTFOLIO MORTGAGE
CORP.,** one of the Defendants, by Counsel

/s/ James G. Smalley Esquire
James G. Smalley (VSB # 20292)
**CYRON & MILLER LLP**
100 N. Pitt Street, Suite 200
Alexandria, Virginia 22314-3134
703-299-0600 Telephone
703-299-0603 Facsimile
jsmalley@cyronmiller.com

*Counsel for Defendant American Portfolio
Mortgage Corp*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April, 2013, the forgoing Amended Joint Pretrial Report on Discovery Planning Conference was electronically filed with the Clerk of Court using the CM/ECF System, and by electronic service and regular mail to:

Dale W. Pittman, Esquire
The Law Office of Dale W. Pittman, P.C.
112-AW Tabb Street
St. Petersburg, VA  23803-3212
E-mail:  *dale@pittmanlawoffice.com*

*Counsel for Plaintiffs*

Robert Dean Perrow, Esquire
John Payton McGuire Boyd, Jr., Esquire
WILLIAMS MULLEN
20 South 10th Street, 16th Floor
Richmond, VA  23219
E-mail:  *bperrow@williamsmullen.com*
E-mail:  *mboyd@williamsmullen.com*

*Counsel for Prospect Mortgage, LLC*

Thomas D. Domonoske, Esquire
Thomas D. Domonoske, Attorney At Law
461 Lee Avenue
Harrisonburg, VA  22802
E-mail:  *tomdomonoske@earthlink.net*

*Counsel for Plaintiffs*

Fernando Peter Silva II, Esquire
GOWEN GROUP LAW OFFICE PLLC
1325 G Street NW, Suite 500
Washington, D.C. 20005
E-mail:  *peter.silva@gowengroup.com*

*Counsel for Plaintiffs*

Matthew A. Ranck (VSB #51110)
Elias G. Saboura-Polkovotsy (VSB #72256)
ECCLESTON AND WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive-4[th] Floor
Hanover, Maryland 21076
Telephone:  (703) 218-5330
Facsimile:  (410) 752-0611
E-mail:  *saboura@ewva.com*

*Counsel for Defendant Saratoga Title and
Escrow, Inc.*

/s/ James G. Smalley, Esquire_____
James G. Smalley, Esquire
CYRON & MILLER LLP
100 N. Pitt Street, Suite 200
Alexandria, Virginia 22314-3134

*Counsel for Defendant American Portfolio
Mortgage Corp*