IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DONNA JOHANSEN CROSS, *et al.*,   )
                                  )
                Plaintiffs,       )
                                  )
        v.                        )   Civil Action No. 1:12cv1455 (TSE/JFA)
                                  )
PROSPECT MORTGAGE, LLC, *et al.*, )
                                  )
                Defendants.       )
_____   )

## RULE 16(B) SCHEDULING ORDER

Upon consideration of the representations made by the parties in their Joint Report on Discovery Planning Conference (Docket no. 24) and Amended Joint Report on Discovery Planning Conference (Docket no. 31) ("Joint Discovery Plan"), and taking note of the Scheduling Order entered in this case (Docket no. 15), the court makes the following rulings:

1.    All discovery shall be concluded by August 9, 2013.

2.    The Joint Discovery Plan filed by the parties is approved in part and shall control discovery to the extent of its application unless further modified by the court.

3.    All Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by May 3, 2013.

4.    Expert disclosures shall be governed by the schedule set forth in paragraph 3(b) of the Joint Discovery Plan.  To the extent the parties wish to modify these deadlines, they must seek leave of court.

5.    If counsel believe that a settlement conference with the court would be of assistance in resolving this dispute, they may arrange a settlement conference by contacting the undersigned Magistrate Judge's chambers.

6.     To the extent they have not already done so, counsel shall inform their clients of their obligations regarding the preservation of discoverable information.

7.     Counsel shall discuss whether they are willing to waive all or any part of the three days added to the period in which a party may or must act following electronic service as provided in Fed. R. Civ. P. 5(b)(2)(E) and 6(d).

8.     Counsel shall discuss the disclosure or discovery of electronically stored information, including the format in which electronically stored information is to be produced.

9.     Paragraph 3(c)(i) of the Joint Discovery Plan is modified to state that in addition to exchanging, the parties must *electronically file on or before* the final pretrial conference on **Thursday August 15, 2013 at 11:00 a.m.** the Rule 26(a)(3) disclosures and a list of the exhibits to be used at trial, a list of the witnesses to be called at trial, and a written stipulation of uncontested facts.

10.     The court declines to adopt paragraph 5 of the Joint Discovery Plan to the extent that it proposes to allow depositions to be taken after the discovery deadline by agreement of counsel. All discovery, including depositions, must be concluded by August 9, 2013, unless enlarged by an order of the court.

11.     The court declines to adopt paragraphs 8(a) and 8(c) of the Joint Discovery Plan. The dates for filing of, and hearing on, dispositive motions and the date for trial, if necessary, shall be set by the District Judge.

12.     To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

13.     To the extent it becomes necessary, counsel may submit an agreed protective order concerning the disclosure of information between the parties in discovery, provided that such protective order does not provide for the filing of documents under seal.

14.     The following provisions shall apply to the filing and noticing of all motions:

(a)     All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions.  All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3).  An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be **delivered directly to the chambers of the judge** within one day of the electronic filing.  *See* "Civil and Criminal Motions Procedures and other Alexandria Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b)     All motions, except for summary judgment and consent motions, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference consistent with the briefing schedules discussed below.  A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above.  Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(c)     Dispositive motions and motions relating to patent claim construction shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K). Local Civil Rule 7(F)(1) provides that a responsive brief is due 11 days after **service** of the motion and a rebuttal brief may be filed 3 days after the **service** of the opposition.  Unless the parties have agreed to waive the additional time provided in Fed. R. Civ. P. 6(d) for acting after

electronic service, a notice of hearing for a dispositive motion must allow at least 21 days in order to allow the briefing to be completed prior to the hearing. Any dispositive motion against a *pro se* party must contain the notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

(d)    In order to provide for the prompt resolution of non-dispositive matters, a non-dispositive motion may be **filed and served** by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response must be **filed and served** by no later than 5:00 p.m. the Wednesday before the hearing and any reply should be **filed and served** as early as possible on Thursday to give the Court time to review all pleadings before the hearing. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing in accordance with the briefing schedule provided in Local Civil 7(F)(1) discussed above in order to provide additional time for briefing and consideration by the Court.

(e)    All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the

movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

(f)     Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5 and must be noticed for a hearing in open court.  The motion must state sufficient facts supporting the action sought, and each proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meet the requirements of Local Civil Rule 5.  Only the particular material found to meet the required standard may be sealed, with the remainder filed in the public record.  An unsealed, redacted version of the filing in issue shall be filed with the motion to seal.  Filings under seal are disfavored and discouraged.  *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004).

15.     Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

16.     In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule 51.  Violation of this Rule will constitute a waiver of objections to any instructions given.  In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

Entered this 15th day of April, 2013.          _____/s/_____

John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia