IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DONNA JOHANSEN CROSS, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:12cv1455 |
| | ) | |
| PROSPECT MORTGAGE, LLC, et al | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

COME NOW Plaintiffs, by counsel, and hereby move this honorable Court, under Fed. R. Civ. P. 37 to enter an order compelling discovery from SARATOGA TITLE AND ESCROW, INC ("SARATOGA"), because Defendant's objections were untimely, because SARATOGA served insufficient "General Objections," and because it has failed to respond fully to Plaintiffs' 1st Set of Interrogatories and Requests for Production. In support of their motion, the Plaintiffs respectfully state the following:

1. Plaintiffs served the said Defendant with the aforementioned discovery (Copy attached as Plaintiff's Exhibit A), on April 5, 2013 by electronic and regular mail.

2. The Defendant did not serve its objections within 15 days of service as required by E.D. Va. Loc. R. Prac. 26(c).

3. On May 7, 2013, said Defendant served objections and its responses to discovery at the same time. In its response, Defendant asserted untimely general and specific objections to many of Plaintiffs' Interrogatories and Requests for Production. Further, Defendant failed to fully answer interrogatories 5 and 6 and

produce Request for Production 4. (Exhibit B)

4. On May 20, 2013, Plaintiff's counsel emailed Defendant's counsel requesting a "meet and confer" teleconference to discuss Defendant's objections and inadequate responses. (Copy attached as Exhibit C). Plaintiffs' counsel's email explicitly detailed that he wanted to discuss Saratoga's answers to Interrogatories 5 and 6 and its response to Request for Production 4. (Exhibit C)

5. On May 24, 2013, a "meet and confer" teleconference was held between Plaintiffs' counsel and Counsel for the Defendant, wherein the parties agreed that:

   a. Defendant would provide the number of loan closings per year and a more limited estimate range on the number of USDA loans per year in response to Interrogatory 5 and 6; and

   b. Defendant would provide, and Plaintiffs would accept, a written statement from Counsel for the Defendant that the insurance carrier has been notified of the claim; that the insurance carrier had retained defense counsel; and that if a reservation of rights letter had been sent out then it would be provided.

6. This agreement was memorialized in an email by Plaintiffs' Counsel. (Copy attached as Exhibit D).

7. Despite the parties, by counsel, having met and conferred and coming to an agreement in an effort to resolve this discovery dispute, the Defendant has still not responded fully to the discovery set forth in Plaintiff's exhibit A.

WHEREFORE, Plaintiff moves the court for an Order overruling Defendant's objections as untimely and compelling discovery as prayed for herein, for an award of expenses

including attorneys' fees, and for such other relief which the Court may deem proper.

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

## ARGUMENT

### I.        Defendant must comply with proper discovery requests.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties are expected to

conduct discovery between themselves to narrow the issues.  Fed. R. Civ. P. 37 (a)(1) and (2)(B)

permit a party, upon reasonable notice to other parties, to apply for an order compelling

discovery if another party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33, or

to provide documents in response to a request submitted under Fed. R. Civ. P. 34.  Also, Fed. R.

Civ. P. 37 (a)(5)(A) provides that if the motion is granted or if the requested discovery is

provided after the motion was filed, the court shall, after affording an opportunity to be heard,

require the party whose conduct necessitated that motion to pay to the moving party the

reasonable expenses incurred in making the motion, including attorney's fees.

Under Fed. R. Civ. P.33 and 34, a party to whom discovery requests are directed must

respond within thirty days, but under the Federal District Court for the Eastern District of

Virginia's local rules, "an objection to any interrogatory, request, or application under Fed. R.

Civ. P. 26 through 37, shall be served within fifteen (15) days after the service of the

interrogatories, request, or application," and must be "specifically stated." E.D. Va. Loc. R.

Prac. 26 (C). Untimely objections are deemed to be waived. Fed. R. Civ. P. 33(b)(4); Murray, et

al. v. Dillard Paper Company, et al. 1999 U.S. Dist. LEXIS 22630, 4-7 (E.D. Va. June 14, 1999)

("Under Local Rule 26(C), Plaintiffs were required to assert any objections to Defendants'

discovery demands within 15 days of service, or else waive objection."); ACMA USA, Inc. v.

Surefil, LLC, 2008 U.S. Dist. LEXIS 51636 (E.D. Va. July 7, 2008); Cain v. Liberty Mut. Ins.

Co., 2011 U.S. Dist. LEXIS 51741, 9-10 (N.D. W. Va. May 13, 2011) (citing Spilotro v. United States, 478 F.2d 1406 (7th Cir. 1973)).

Defendant thus waived its objections to Plaintiffs' discovery requests when it failed to serve the objections within 15 days as required by E.D. Va. Loc. R. Prac. 26(c). Moreover, Defendant's untimely attempt to incorporate general objections also fails. Cappetta v. GC Servs. Ltd. P'ship, 2008 U.S. Dist. LEXIS 103902 (E.D. Va. Dec. 24, 2008) (Failure to make specific legitimate objections to particular interrogatories or requests for production within the time allowed may result in a court deeming any objections waived. A bare general objection does not meet the standard for a successful objection.); ACMA USA, Inc. v. Surefil, LLC, 2008 U.S. Dist. LEXIS 51636 (E.D. Va. July 7, 2008) ("Surefil's general objections fail to specify Surefil's objection regarding any particular interrogatory, request for production, or request for admission. Thus, the objections are insufficient, and cannot be recognized.") Therefore, Defendant must comply with proper discovery requests.

Defendant has failed to comply with Plaintiffs' proper discovery requests despite services occurring on April 5, 2013. Plaintiffs' discovery requests were proper as they were narrowly tailored requests for non-privileged information that was relevant to their claims and defenses of the defendants. Fed. R. Civ. P. 26 (b)(1). Specifically, Plaintiffs' made the following requests and received the following untimely objections and incomplete responses:

> **Interrogatory 5**. Using the number of loans closed by you, separately state the total percentage of your loan settlement business in 2009, 2010, and 2011 that involved federally insured loans and provide the number of such loans closed each year. (Exhibit A)

> **ANSWER TO INTERROGATORY NO. 5:** Saratoga objects to this interrogatory on the ground that it is overly broad and unduly burdensome as it would require a review of each and every loan closed to determine with accuracy the information sought, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Saratoga provides as a

very rough estimate that approximately 60%-70% of the loans it closed in the subject years involved federally-insured loans. (Exhibit B)

**Interrogatory 6.** Using the number of loans closed, separately state the total percentage of your loan settlement business in 2009, 2010, and 2011 that involved loans insured through the USDA RD program and provide the number of such loans closed each year. (Exhibit A)

**ANSWER TO INTERROGATORY NO.6:** Saratoga objects to this Interrogatory on the ground that it is overly broad and unduly burdensome as it would require a review of each and every loan closed to determine with accuracy the information sought, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Saratoga provides as a very rough estimate that between 50 to 1 00 loans closed during this three year period were USDA RD program loans. (Exhibit B)

**4.** All documents sent to or received from any insurance company, reinsurance company, or insurance business that refers or discusses coverage of the claims at issue in this lawsuit. (Exhibit A)

**RESPONSE TO REQUEST NO. 4:** Defendant objects to this Request to the extent it seeks information protected by attorney-client and work product privileges, and information beyond that which is discoverable under the Federal Rules of Civil Procedure. Without waiving these objections, the Defendant will produce the applicable insurance policy. (Exhibit B)

During the May 24, 2013 meet and confer teleconference, the parties agreed that Defendant would provide additional information as detailed in paragraph 6, *supra*. However, Defendant has failed to provide complete responses to Interrogatories 5 and 6 or produce the letter stating that that the carrier was aware of the claim and that there was no reservation of right, or a reservation of right letter. Therefore, after taking reasonable measures to resolve the discovery dispute, Plaintiff is entitled to the granting of a motion to compel. Fed. R. Civ. P. 37(a)(4); Dillard Paper Company, 1999 U.S. Dist. LEXIS 22630 at 7, ("Under the Rules, Plaintiffs were obligated to respond or object to Defendants' interrogatories and Requests for Production in a timely manner. They did not do so. Defendants need not establish any better 'cause' for their motion [to compel] than that"); See also Newmarket Corp. v. Innospec Inc.,

Civ. Action No. 3:10cv503, 2011 U.S. Dist. LEXIS 35505 (E.D. Va. April 1, 2011) ("a motion to compel is proper when a party fails to answer an interrogatory, and an evasive or incomplete answer must be treated as a failure to answer.").

## CONCLUSION

Defendant Saratoga should be compelled by order of this Court to make a full and complete response to the Interrogatories and Request for Production contained in Plaintiffs' First Interrogatories and Request for Production of Documents, and ordered to pay attorney's fees and costs for the failure of the said Defendant to answer discovery. Plaintiff should be awarded such further relief which to the Court may seem appropriate.

Respectfully submitted,
Donna Johansen Cross
David Cross
By Counsel

/s/_____
F. Peter Silva, II, VSB #80935
1325 G Street NW, Suite 500
Washington, D.C. 20005
P: 202-380-9355
F: 202-499-1370
Peter.Silva@gowengroup.com

Dale W. Pittman, VSB #15673
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, VA  23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

Thomas D. Domonoske, VSB #35434
461 Lee Avenue
Harrisonburg, VA 22802
540-442-7706
tomdomonoske@earthlink.net

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the __7__ day of June, 2013, I sent this discovery electronically and by regular mail, postage prepaid to the following:

Robert D. Perrow, Esquire
John P. McGuire Boyd, Jr., Esquire
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
P.O. Box 1320
Richmond, VA  23218-1320
*Attorneys for Defendant Prospect Mortgage, LLC*

Matthew Allan Ranck, Esquire
Elias G. Saboura-Polkovotsy, Esquire
ECCLESTON AND WOLF PC (VA)
10400 Eaton Place, Suite 107
Fairfax, VA 22030
*Attorney for Defendant Saratoga Title and Escrow, Inc.*

James G. Smalley, Esquire
CYRON & MILLER LLP
100 N. Pitt Street, Suite 200
Alexandria, VA 22314-3134
*Attorney for Defendant American Portfolio Mortgage Corp.*

_____
F. Peter Silva II

Pursuant to Fed. Rule Civ. Pro. 37(a)(2) and Local Rule 37(E), I hereby certify that the movant has in good faith conferred with the party not making the requested disclosures in an effort to secure the disclosure without court action.