IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| DONNA JOHANSEN CROSS, et al., <br><br>     Plaintiffs <br><br> v. <br><br> PROSPECT MORTGAGE, LLC, et al., <br><br>     Defendant. | Civil Action No. 1:12-CV-1455-TSE/TRJ |

**SARATOGA TITLE AND ESCROW, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Saratoga Title and Escrow, Inc. ("Saratoga"), one of the Defendants, by and through its undersigned counsel, respectfully submits this memorandum in opposition to Plaintiffs' Motion to Compel Discovery pursuant to the Federal Rules of Civil Procedure. The plaintiffs' motion should be denied for the reasons set forth below.

**INTRODUCTION**

Plaintiffs served Saratoga with Interrogatories and Requests for Production of Documents. Saratoga timely served its Answers to Interrogatories and produced all responsive documents to Plaintiffs. On May 24, 2013, two of Plaintiffs' counsel, Dale Pittman and Thomas Domonoske, discussed with undersigned counsel Answers to Interrogatory Nos. 5 and 6 and a concern regarding whether notice of the claim had been given to Saratoga's insurer. Although an agreement was reached regarding these issues, no deadline was established, and undersigned counsel specifically told Plaintiffs counsel that there might be a delay in providing the information because of his schedule and other issues. No other substantive discussion pertaining to this alleged dispute has ever occurred. Instead, Plaintiffs' third attorney, Peter Silva, who was not involved in any prior discussion of these issues and who never himself contacted the

undersigned to inquire as to the status of the supplemental information, filed a motion to compel. For the reasons that follow, the motion must be denied.

## ARGUMENT

1. **Saratoga has Produced all Documents responsive to Plaintiffs' Request No. 4**.

Saratoga timely served its responses to the Plaintiffs' Interrogatories and Production of Documents, and this motion was not filed because Saratoga refused to respond. To the contrary, Saratoga produced all responsive documents within its possession, control or custody. Moreover, in response to Plaintiff's counsel's concern that Saratoga's insurance carrier was not on notice of the claim, or was defending under a reservation of rights, undersigned counsel informed Plaintiffs' attorneys multiple times that Saratoga's carrier was on notice of the claims, and that counsel was retained by that carrier to represent Saratoga.

Further, during the May 24 teleconference, undersigned counsel agreed to confirm in writing that that counsel was retained by the carrier to represent Saratoga, and whether Saratoga had received any reservation of rights letter from its carrier. However, no deadline was set for said confirmation letter (see, Plaintiffs' motion at Exh. D). Rather, as disclosed to Plaintiffs' counsel, undersigned lead counsel could make no specific promise regarding timing, as he advised that it was a holiday weekend, that he was scheduled to be in trial during the following week and that he expected Saratoga would have an end-of-month real estate closing rush.

Undersigned counsel provided the written confirmation letter contemporaneously with the filing of this opposition, and would have done so earlier had Plaintiffs' counsel simply called to say that they needed it immediately, or that it had become urgent for some reason. Instead and unfortunately, without any prior notice or warning, F. Peter Silva II, who was not at all involved in any of the prior discovery discussions, filed the instant motion. Given the prior communications between Messrs. Pittman and Domonoske and counsel for Saratoga, there was

2

and is simply no discovery dispute, and the motion was completely unwarranted and unnecessary.

2. **Answers to interrogatory Nos. 5 and 6**.

In its response to Interrogatory Nos. 5 and 6, Saratoga provided the percentages of the loans it closed in 2009, 2010 and 2011 that involved federally insured loans, and that involved loans guaranteed by the USDA RD program. When asked for the number of such loans for each year counsel agreed to provide the information. Again, no deadlines were established and no urgency in receiving the information was expressed. See, Plaintiffs' motion at Exh. D. Indeed, in light of other deadlines, a scheduled trial of lead counsel, a holiday weekend and end of month settlements for Saratoga, undersigned counsel specifically made it clear that the supplemental responses would not be provided until sometime in June. Thereafter, Mr. Domonoske spoke with the undersigned, Elias Saboura-Polkovotsy, about the difficulty defense counsel was encountering in accessing documents produced by Plaintiffs in electronic form, and Mr. Domonoske made a fleeting inquiry as to when the supplemental information would be produced. Even then, no deadline was discussed, no urgency was expressed, and certainly no mention of a motion was made.

Thereafter, without further discussion, inquiry or notice, Mr. Silva filed this motion to compel, not even bothering to make any effort to clear the hearing date with counsel before scheduling it for the Friday after the 4th of July. Notably, the motion does not argue that (1) Saratoga has refused to provide the requested information, or (2) Saratoga's refusal to provide the requested numbers has in any way prejudiced Plaintiffs, or (3) this information was in way causing any delays in the discovery process. Indeed, the basis is apparently simply that counsel decided upon a secret and arbitrary date by which they wanted the information or they would file

a motion. Respectfully, good faith efforts require more if the rules are to be given any meaning, and this motion was completely unnecessary under the circumstances.

Unfortunately, the tactics involved in filing this motion without good faith efforts to resolve the alleged "dispute," appear consistent with certain other irregularities occurring recently in this case. Specifically, despite knowing that lead counsel for Saratoga was to be included on all distributions, he was inexplicable omitted from e-mails between counsel regarding the depositions to be set. Of course, since counsel was not privy to discussions about deposition dates, he was not consulted about his availability. Similarly, while undersigned counsels' mailing address is clearly listed on the papers filed, discovery served and e-mails and correspondence exchanged in this case, for reasons not clear, Plaintiffs' counsel variously mail documents to undersigned counsel's correct Maryland address, or to counsel's Fairfax office location.

In light of the foregoing, Plaintiff's motion must be denied, as it was unnecessary and is procedurally (failure to undertake good faith efforts to resolve the perceived "dispute") and substantively deficient. In any event, pursuant to F.R.C.P. 37 (a)(5), this Court should not order payment of fees or costs, or any other sanction, as (i) movant filed the motion before attempting in *good faith* to obtain the discovery without court action; (ii) the brief delay in providing supplemental discovery was justified under the circumstances; and (iii) the award of expenses under the circumstances presented herein would be unjust. Indeed, the circumstances make clear that the filing of the instant motion was unnecessary, in violation of E.D. Va. Loc. R. Prac. 37(G), and was made without a good faith effort to resolve the perceived "issues," in violation of E.D. Va. Loc. R. Prac. 37(E). Thus, Saratoga respectfully requests that the Court award Saratoga its reasonable attorney's fees in having to respond to the motion, in accordance with E.D. Va. Loc. R. Prac. 37(G) and (H).

Wherefore Saratoga hereby asks that the Court deny Plaintiffs motion to Compel and to grant all fees and costs it incurred in having to respond to this motion that is clearly lacking merit.

**Dated:  June 20, 2013**

Respectfully submitted,
**SARATOGA TITLE AND ESCROW, INC.,**
one of the Defendants**,** by Counsel:

/s/ Matthew A. Ranck
Matthew A. Ranck (VSB #51110)
**ECCLESTON AND WOLF, P.C.**
Baltimore-Washington Law Center
7240 Parkway Drive-4th Floor
Hanover, Maryland 21076
Telephone:  (703) 218-5330
Facsimile:  (410) 752-0611
ranck@ewva.com
*Lead Counsel for Defendant* Saratoga Title and Escrow, Inc.

/s/ Elias G. Saboura-Polkovtsy
Matthew A. Ranck (VSB #51110)
**ECCLESTON AND WOLF, P.C.**
Baltimore-Washington Law Center
7240 Parkway Drive-4th Floor
Hanover, Maryland 21076
Telephone:  (703) 218-5330
Facsimile:  (410) 752-0611
saboura@ewva.com
*Counsel for Defendant* Saratoga Title and Escrow, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of June 2013, the forgoing Opposition to motion to Compel was served electronically and by regular mail to:

Dale W. Pittman, Esquire
The Law Office of Dale W. Pittman, P.C.
112-AW Tabb Street
St. Petersburg, VA  23803-3212
E-mail:  *dale@pittmanlawoffice.com*

*Counsel for Plaintiffs*

Robert Dean Perrow, Esquire
John Payton McGuire Boyd, Jr., Esquire
Williams Mullen
20 South 10th Street, 16th Floor
Richmond, VA  23219
E-mail:  *bperrow@williamsmullen.com*
E-mail:  *mboyd@williamsmullen.com*

*Attorneys for Prospect Mortgage, LLC*

James G. Smalley, Esquire
**CYRON & MILLER**
100 N. Pitt Street, Suite 200
Alexandria, Virginia 22314-3134
E-mail:  jsmalley@cyronmiller.com

*Counsel for Defendant American Portfolio Mortgage Corp*

Thomas D. Domonoske, Esquire
Thomas D. Domonoske, Attorney At Law
461 Lee Avenue
Harrisonburg, VA  22802
E-mail:  *tomdomonoske@earthlink.net*

*Counsel for Plaintiffs*

Fernando Peter Silva II, Esquire
Gowen Group Law Office PLLC
1325 G Street NW, Suite 500
Washington, D.C. 20005
E-mail:  *peter.silva@gowengroup.com*

*Counsel for Plaintiffs*

/s/ Elias G. Saboura-Polkovotsy
Elias G. Saboura-Polkovotsy (VSB #72256)
**ECCLESTON AND WOLF, P.C.**
Baltimore-Washington Law Center
7240 Parkway Drive-4th Floor
Hanover, Maryland 21076
Telephone:  (703) 218-5330
Facsimile:  (410) 752-0611
E-mail:  *saboura@ewva.com*

*Counsel for Defendant* Saratoga Title and Escrow, Inc.