IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EXHIBIT
hh

DONNA JOHANSEN CROSS, *et al.*, )
)
        Plaintiffs, )
)
v. )   Civil Action No.: 1:12-CV-1455
)
PROSPECT MORTGAGE, LLC, et al )
)
        Defendant. )

### AMERICAN PORTFOLIO MORTGAGE CORP'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS \FOR PRODUCTION OF DOCUMENTS

Defendant American Portfolio Mortgage Corp, by counsel, pursuant to Rules 26, 33 AND 34 of the Federal Rules of Civil Procedure, and Local Rule 26 of the United States District Court for the Eastern District of Virginia submits the following Answers to Plaintiff's First set of Interrogatories:

### INTERROGATORIES

1. Regarding the letter sent by Plaintiff's counsel on November 13, 2012, please provide a complete response to the RESPA request in it that asks for the loan balance as of that time to be computed by crediting $7,950.00 to the loan balance at the very beginning of the loan.

RESPONSE: APMC has objected to this interrogatory on the grounds that it is vague, ambiguous, and not likely to lead to the discovery of any information that is relevant or admissible at trial. Without waiving said objection, APMC states that no response was or is required of APMC to the "RESPA request" as any "letter sent by Plaintiff's counsel on November 13, 2012" to APMC was not a qualified written request (QWR) under RESPA. The information sought through a QWR must relate to the "servicing" of a loan. **12 U.S.C. §2605(e)(1)(A)**. Servicing is defined as "receiving any scheduled periodic payments **from a borrower** . . . and making the payments of principal and interest and such other payments with respect to the **amounts received from the borrower**." Kelly v. Fairon & Associates, 842 F. Supp. 2d 1157, 1157 (D. Minn. 2012) (citing 12 U.S.C. § 2605(e)(1)(A)) (emphasis

added). The payment referred to by Plaintiffs in the letter sent by their counsel on or about November 13, 2012 was not a payment from "the borrower" as required by RESPA but was a deduction in principal by Prospect Mortgage, LLC and thus does not relate to the "servicing" of the loan as defined by 12 U.S.C. §2605(e)(1)(A). Secondly, a response to said letter was also not required by or from APMC as it was not the servicer of the Plaintiff's loan as is indicated by Plaintiff's counsel in his November 13, 2012 letter. See, Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) ("That a QWR must address the servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan"). Thirdly, APMC did not own the loan at the time of the "credit" and did not calculate or determine the basis for said "credit". As to the basis and amount of the "credit" see the deposition testimony of Prospect Mortgage, LLC's employee Veronica Moskowitz. Additionally, per the express terms of March 30, 2010 Deed of Trust signed by Plaintiff Donna Cross, the Plaintiffs were not entitled to a credit for any mortgage insurance paid by Plaintiff. So, any credit given Plaintiffs, regardless of the amount, was a windfall and no further adjustment was or is required. See, Deed of Trust, Section 10 ("If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve"). Finally, any damage allegedly caused by the amount credited to Plaintiffs by Prospect Mortgage, LLC occurred prior to APMC owning the loan or the sending of the November 13, 2013 letter and, accordingly, is not the basis for any RESPA claim against APMC based upon Prospect Mortgage LLC's alleged failure to properly compute the "credit" provided by it to the Plaintiffs. See, Marais v. Chase Home Fin., LLC, 2012 U.S. Dist. LEXIS 137893 (S.D. Ohio Sept. 26, 2012) (in order to state a claim under RESPA, the Plaintiff must establish a "causal link between the financing institution's violation and their injuries. While Plaintiff may in fact have been damaged by making excess payments that were unaccounted for, the damage was not caused by the Defendant's failure to respond to her QWR. Rather, the damage was caused by the Defendant's alleged misappropriation of Plaintiff's payments. Thus, Plaintiff has failed to sufficiently allege a causal link between the failure of Defendant to respond to the QWR and her overpayment of some $800.00 some two years before she sent the QWR). See also, Yetiv v. Chase Home Fin. LLC, 2012 U.S. Dist. LEXIS 3726 (S.D. Tex. Jan. 11, 2012). Also notwithstanding the aforementioned, this interrogatory asks that American Portfolio Mortgage Corp. make a calculation which the Plaintiff may equally make for themselves and, as such, this interrogatory has been objected to by Defendant. See, Moss v. Lane, Co., 50 F.R.D. 122 (W.D. Va 1970), 471 F.2d 853 (4th Cir. 1973).

2. Regarding the calculation requested in Interrogatory 1, explain how such a calculation is made when a loan is a simple interest loan and payments are not made on the same day of each month.

**RESPONSE**: See, response to interrogatory No. 1 supra.

3. Regarding the Repurchase Demand letter sent by you to Prospect dated September 24, 2012, provide the calculations used to determine the dollar amount demanded for the repurchase of the loan and explain any inaccuracies that were used to determine that amount.

**RESPONSE:** APMC objects to this interrogatory on the grounds that it is vague, ambiguous, irrelevant and not likely to lead to the discovery of any information that is relevant or admissible at trial. Without waiving said objections, the repurchase price is based upon a contractual arrangement between APMC and Prospect Mortgage, LLC, an agreement to which the Plaintiffs are neither a party not a third party beneficiary. As to the basis for the amount claimed due, see the definition of "Repurchase Price" in the Asset Purchase Agreement previously produced by APMC to Plaintiffs and the itemization attached to the September 24, 2012 letter, a copy of which is attached. The attached itemization shows that the repurchase price was calculated by taking the loan balance of $376.132.16 times the purchase price percentage of 80.250 and adding in accrued interest of $3,201.04 to give $305,047.10. To APMC's knowledge, there are currently no known "inaccuracies" in how the repurchase price of September 24, 2012 was calculated. The repurchase price is an amount calculated based upon the contractual arrangement between Prospect Mortgage, LLC and APMC. The amount due from Plaintiffs to APMC is based upon the terms of the Note and Deed of Trust executed by Donna Cross.

4. Regarding the Repurchase Demand letter sent by you to Prospect dated September 24, 2012, describe any follow up communications or correspondence between you and Prospect about that letter.

**RESPONSE:** APMC objects to this interrogatory on the grounds that it is vague, ambiguous, irrelevant and not likely to lead to the discovery of any information that is relevant or admissible at trial. Without waiving said objections, APMC states that Prospect did not send any written correspondence in response to the September 24, 2012 letter or otherwise respond to APMC's request that it repurchase the Cross mortgage loan prior to the commencement of this litigation. Since the commencement of the litigation, any communications regarding the repurchase of the

Cross mortgage loan have been between counsel for Prospect and APMC. Prospect's counsel has indicated that Prospect Mortgage, LLC will not voluntarily repurchase the Cross mortgage loan from APMC.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents identified as part of your Rule 26(a)(1) disclosures.

Response: Attached.

2. All documents referenced or relied upon in your response to Interrogatory 3.

Response: Letter dated September 24, 2012 from American Portfolio Mortgage to Prospect Mortgage, LLC; Asset Purchase Agreement for Mortgage Loans sold by Prospect Mortgage, LLC to Manhattan Advisory Services, Inc.

3. All documents referenced or relied upon in your response to Interrogatory 4.

Response: None.

          Respectfully Submitted,

          AMERICAN PORTFOLIO MORTGAGE CORP
          BY COUNSEL

/s/ James G. Smalley
James G. Smalley, Esq.
Va. Bar No. 20292
CYRON & MILLER
100 N. Pitt Street, Suite 200
Alexandria, Virginia 22314-3134
703-299-0600 Telephone
703-299-0603 Facsimile
jsmalley@cyronmiller.com
Counsel for Defendant American Portfolio Mortgage Corp

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 1st day of August, 2013 I did electronically transmit the foregoing to the following:

John Peyton McGuire Boyd, Jr.
Robert Dean Perrow
Williams Mullen (Richmond)
200 South 10th Street, 16th Floor
Richmond, VA 23219
mboyd@williamsmullen.com
bperrow@williamsmullen.com
Counsel for Prospect Mortgage, LLC

Thomas Dean Domonoske
Thomas D. Domonoske, Attorney at Law
461 Lee Avenue
Harrisonburg, VA 22802
tomdomonoske@earthlink.net
Counsel for David Cross

Dale Wood Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, VA 23803-3212
dale@pittmanlawoffice.com
Counsel for David Cross and Donna Johansen Cross

Matthew Allan Ranck
Elias George Saboura-Polkovotsy
Eccleston and Wolf PC
7240 Parkway Drive, 4th Floor
Hanover, MD 21076
ranck@ewva.com
saboura@ewva.com
Counsel for Saratoga Title & Escrow, Inc.

Fernando Peter Silva, II
Gowen Group Law Office PLLC
1325 G. Street NW, Suite 500
Washington, DC 20005
Peter.silva@gowengroup.com
Counsel for David Cross and Donna Johansen Cross

/s/ James G. Smalley
James G. Smalley, Esquire
Va. Bar No. 20292
CYRON & MILLER
100 N. Pitt Street, Suite 200
Alexandria, Virginia 22314-3134
703-299-0600 Telephone
703-299-0603 Facsimile
jsmalley@cyronmiller.com
Counsel for Defendant American Portfolio Mortgage Corp.