**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **DONNA JOHANSEN CROSS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No.: 1:12cv1455 |
| ) | |
| **PROSPECT MORTGAGE, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**SECOND DECLARATION OF PLAINTIFF DAVID CROSS**

1. I am David Cross, and I make this declaration in Warrenton, Virginia, based on my own knowledge.

2. I am a named plaintiff in this action.

3. I reside at 7102 Kelly Road, Warrenton, Virginia 20187.

4. I am a stay at home father.

5. Because my wife, Plaintiff Donna Johansen Cross, works outside the home, part of my work responsibility in our household is to handle household financial matters.

6. I have been the person in our household coordinating our efforts to find a loan to purchase a home, our attempts to refinance our home loan in 2012, and then our attempts to refinance it in 2013 to pay American Portfolio the amount it demanded from Prospect Mortgage

7. As I explained in my deposition, the amount that American Portfolio demanded from Prospect Mortgage was something that we could fund in 2012 because the lower principal balance on the loan brought us under the 80% loan to home value ratio.

1

8. Being under this 80% ratio was important because then no private mortgage insurance premium is added to the monthly payment.

9. Not having the private mortgage insurance premium as part of the payment was what allowed the loan to be within the acceptable limits for the loan application to move forward.

10. This loan application was made in early 2013 to fund putting American Portfolio back in the position it was in before it bought the loan by paying it the amount it demanded from Prospect Mortgage.

11. The amount to be paid to Prospect Mortgage would have been primarily the funds from this loan plus the money that was then held in escrow.

12. Since we cancelled the loan that is the subject of this lawsuit, we have been making our loan payments into a trust account with one of our attorneys, Dale W. Pittman, and are current on those payments.

13. We were ready, willing and able to fund that payment to American Portfolio in this way.

14. Currently, I know of no barriers to obtaining the funds necessary to make payment for a proper rescission.

15. If the rescission amount is set at the proper amount then we will get the money secured by a new deed of trust on the house.

16. As before, a portion of the funds to be applied during the rescission process would come from the amount that is currently in Mr. Pittman's escrow account, along with funds from a refinanced loan.

I have provided this information freely and voluntarily, and under penalty of perjury, I declare that it is true and complete to the best of my knowledge and belief.

_____          _____9/30/13_____
David Cross                                                    Date