IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DONNA JOHANSEN CROSS, *et al*. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:12-cv-1455 |
| | ) | |
| THE DEFENDANT MORTGAGE, LLC, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

## PROSPECT MORTGAGE, LLC'S PROPOSED JURY INSTRUCTIONS

Defendant Prospect Mortgage, LLC ("Prospect"), by counsel, hereby submits the following proposed jury instructions for use in the trial of this matter beginning October 29, 2013:

## TABLE OF CONTENTS

| *Proposed Jury Instruction No.* | *Description* | *Page No.* |
|---|---|---|
| 1 | Opening Instruction | 1 |
| 2 | Order of Trial | 3 |
| 3 | Province of the Judge and Jury | 4 |
| 4 | Jury Conduct | 5 |
| 5 | Judge's Questions to Witnesses | 7 |
| 6 | Bench Conferences | 8 |
| 7 | Evidence in the Case | 9 |
| 8 | Ruling on Objections | 11 |
| 9 | All Persons Equal Before the Law – Organizations | 12 |
| 10 | Preponderance of the Evidence – Defined | 13 |
| 11 | Clear and Convincing Evidence- Defined | 14 |
| 12 | Credibility of Witnesses | 15 |
| 13 | General Introduction at Close of Evidence | 16 |
| 14 | Actual Damages Recoverable Under the Equal Credit Opportunity Act ("ECOA") | 17 |
| 15 | Emotional Distress Damages Recoverable Under the Equal Credit Opportunity Act ("ECOA") | 18 |
| 16 | Elements of Constructive Fraud | 19 |
| 17 | Definition of Misrepresentation | 20 |
| 18 | Definition of Material Fact | 21 |
| 19 | Definition of Reliance | 22 |
| 20 | Burden of Proof for Fraud | 23 |
| 21 | Measure of Damage for Constructive Fraud | 24 |
| 22 | Finding Instruction: Constructive Fraud | 25 |
| 23 | Election of Foreperson; Duty to Deliberate; Communications with the Court; Cautionary; Unanimous Verdict; Verdict Forms | 26 |
| 24 | Verdict Forms- Jury's Responsibility | 28 |
| | Verdict Form | 29 |

**PROPOSED JURY INSTRUCTION No. 1**
Opening Instruction

We are about to begin the trial of the case you heard about during jury selection.  Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before.  Let me briefly explain some of the most common to you. The party who sues is called the plaintiff.  In this action, the plaintiff is Donna Johansen Cross.  The parties being sued are called the defendants.   In this action, the defendants are Prospect Mortgage, LLC and American Portfolio Mortgage Corporation.

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."  When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.  When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.  During the trial you should keep an open mind and should not form or express any opinion about the case

until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else.  In addition, you should not permit anyone to discuss the case in your presence.  From time to time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.  You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case.  When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even thought the case may seem to go slowly.

*SOURCE:      3 Federal Jury Practice and Instructions § 101.01 (5th ed.) (modified).*

**PROPOSED JURY INSTRUCTION No. 2**
Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of her claims and the defendants' lawyers may cross-examine the witnesses.  At the conclusion of the plaintiff' case, the defendants may introduce evidence in defense of the claims brought by the plaintiff and the plaintiff's lawyer may cross-examine the witnesses.  The defendants are not required to introduce any evidence or to call any witnesses.  If the defendants introduce evidence, the plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.  Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

*SOURCE:      3 Federal Jury Practice and Instructions § 101.02 (5th ed.) (modified).*

**PROPOSED JURY INSTRUCTION No. 3**
Province of the Judge and Jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  You will determine the facts from all the testimony and other evidence that is presented.  You are the sole and exclusive judge of the facts.  I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury.  Such comments are only expressions of my opinion as to the facts.  You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

*SOURCE:       3 Federal Jury Practice and Instructions § 101.10 (5th ed.).*

## PROPOSED JURY INSTRUCTION No. 4
Jury Conduct

To insure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

3.      Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it immediately.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.      Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.    If you need to tell me something, simply give a signed note to the Marshall to give to me.

*SOURCE:     3 Federal Jury Practice and Instructions § 101.11 (5th ed.).*

**PROPOSED JURY INSTRUCTION No. 5**
Judge's Questions to Witnesses

During the trial, I may sometimes ask a witness questions.  Please do not assume that I

have any opinion about the subject matter of my questions.

*SOURCE:      3 Federal Jury Practice and Instructions § 101.30 (5th ed.).*

**PROPOSED JURY INSTRUCTION No. 6**
Bench Conferences

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence.  The lawyers and I will do what we can to limit the number and length of these conferences.

*SOURCE:*     *3 Federal Jury Practice and Instructions § 101.31 (5th ed.).*

**PROPOSED JURY INSTRUCTION No. 7**
Evidence in the Case

The evidence in the case will consist of the following:

1.     The sworn testimony of the witnesses, no matter who called a witness.

2.     All exhibits received in evidence, regardless of who may have produced the exhibits.

3.     All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admissions or stipulation of fact.  A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a witness transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

*SOURCE:*        *3 Federal Jury Practice and Instructions § 101.40 (5th ed.).*

**PROPOSED JURY INSTRUCTION No. 8**
Ruling on Objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received into evidence.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been.  In addition, you must not consider evidence that I have ordered stricken from the record.

*SOURCE:*      *3 Federal Jury Practice and Instructions § 101.49 (5th ed.).*

**PROPOSED JURY INSTRUCTION No. 9**
All Persons Equal Before the Law -- Organizations

You must consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, stand equal before the law, and are to be treated as equals in a court of justice.

*SOURCE:       3 Federal Jury Practice and Instructions § 103.12 (5th ed.).*

**PROPOSED JURY INSTRUCTION No. 10**
Preponderance of the Evidence – Defined

When Plaintiff has the burden to prove any matter by a preponderance of the evidence, it means she must prove every essential element of her claim by a preponderance of the evidence. If Plaintiff should fail to establish any essential element of a claim against Prospect by a preponderance of the evidence, you should find for Prospect as to that claim.

Establishment by a preponderance of the evidence means evidence, which as a whole, shows that the fact sought to be proved is more probable than not.   In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

*SOURCE:      3 Federal Jury Practice and Instructions §104.01 (6th ed.) (modified).*

**PROPOSED JURY INSTRUCTION No. 11**
Clear and Convincing Evidence – Defined

Clear and convincing evidence is evidence that produces in your mind a firm conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. If Plaintiff should fail to establish any essential element of a claim against Prospect by a clear and convincing evidence, you should find for Prospect as to that claim.

*SOURCE:      3 Federal Jury Practice and Instructions §104.02 (6th ed.) (modified)*

14

**PROPOSED JURY INSTRUCTION No. 12**
Credibility of Witnesses

You, as jurors, are the sole judges of the credibility – that is, the believability – of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness; or by the manner in which the witness testifies; or by the character of the testimony given; or by evidence contrary to the testimony given.

You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

*SOURCE:      3 Federal Jury Practice and Instructions §§ 101.43, 105.01 (5th ed.).*

**PROPOSED JURY INSTRUCTION No. 13**
General Introduction at Close of Evidence

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty as judges of the facts to base a verdict upon anything other than the evidence in the case.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of Plaintiff and the responses of Defendants.  You must perform your duties as jurors without bias or prejudice to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

*SOURCE:*      3 *Federal Jury Practice and Instructions § 103.01 (5th ed.).*

**PROPOSED JURY INSTRUCTION NO. 14**
Actual Damages Recoverable Under the Equal Credit Opportunity Act ("ECOA")

Actual damages recoverable under the ECOA may include out-of-pocket monetary losses, injury to credit reputation, and mental anguish, humiliation or embarrassment.   You should not presume an injury resulting from an ECOA violation.   Instead, Plaintiff must prove by a preponderance of the evidence actual damages were caused by a violation of the ECOA.

SOURCE:     *Coulibaly v. J.P. Morgan Chase Bank, N.A., 2012 U.S. Dist. LEXIS 127728 (D. Md. Sept. 7, 2012) (modified)*

17

**PROPOSED JURY INSTRUCTION NO. 15**

Emotional Distress Damages Recoverable Under the Equal Credit Opportunity Act ("ECOA")

In order to recover actual damages for emotional distress under the ECOA, Plaintiff must prove by a preponderance of the evidence that Plaintiff had demonstrable emotional distress caused by a violation of the ECOA.  In deciding whether to make an award of damages, you are to consider the factual context in which the emotional distress arose; the evidence corroborating the testimony of the plaintiff, if any; the nexus between the conduct of the defendant and the emotional distress, if any; the degree of such mental distress; mitigating circumstances, if any; physical injuries suffered due to the emotional distress, if any; medical attention resulting from the emotional duress, if any; psychiatric or psychological treatment, if any; and the loss of income, if any.

SOURCE:              *Sloane v. Equifax Info. Servs., 510 F.3d 495, 503-04 (4th Cir. 2007)*
                     *(modified)*

**PROPOSED JURY INSTRUCTION NO. 16**

Elements of Constructive Fraud

Constructive fraud is a misrepresentation of a material fact, innocently or negligently made, with the intent that a person will rely on it and which that person relied upon with the result that she was damaged by it.

*SOURCE:*          *V.M.J.I. No.  39.040*

**PROPOSED JURY INSTRUCTION NO. 17**
Definition of Misrepresentation

A misrepresentation is any words or conduct which produce a false or misleading impression of fact in the mind of another. The misrepresentation must be made concerning an actually existing or past fact. A promise, an expression of interest, or an expectation or opinion concerning the future is not a misrepresentation.

A misrepresentation may result from silence or from the suppression of facts as well as from an affirmative representation.

*SOURCE:*          *V.M.J.I. No. 39.010*

**PROPOSED JURY INSTRUCTION NO. 18**
Definition of Material Fact

A material fact is one which influences a person to act or not to act.

*SOURCE:*          *V.M.J.I. No.  39.020*

**PROPOSED JURY INSTRUCTION NO. 19**
Definition of Reliance

Reliance is a belief that a representation is true which causes a person to take action he would not otherwise have taken.

*SOURCE:*          *V.M.J.I. No.  39.030*

**PROPOSED JURY INSTRUCTION NO. 20**
Burden of Proof for Fraud

The burden is on the party charging fraud to prove it by clear and convincing evidence.

*SOURCE:*            *V.M.J.I. No.  39.070*

**PROPOSED JURY INSTRUCTION NO. 21**

Measure of Damages for Constructive Fraud

The measure of damages for Plaintiff' constructive fraud claim is the difference, if any, between the value of the loan that Plaintiff received from Prospect on March 30, 2010 and the value of the loan that Plaintiff contends she should have received from Prospect on March 30, 2010.

SOURCE:          *Tyson v. Williamson, 96 Va. 636, 639, 32 S.E. 42 (1899); Prospect Development Company, Inc. v. Bershader, 258 Va. 75, 515 S.E.2d 291 (1999)*

**PROPOSED JURY INSTRUCTION NO. 22**
Finding Instruction: Constructive Fraud

You shall return your verdict for the plaintiff if she proved by clear and convincing evidence:

(1)     That the defendant misrepresented a material fact; and

(2)     That it was made innocently or negligently; and

(3)     That it was made with the intent that the plaintiff rely upon it; and

(4)     That the plaintiff relied upon it; and

(5)     That the plaintiff was damaged as a result.

You shall find your verdict for the defendant if the plaintiff failed to prove any one or more of the elements above.

*SOURCE:*          *V.M.J.I. No. 39.100*

25

**PROPOSED JURY INSTRUCTION NO. 23**
Election of Foreperson; Duty to Deliberate; Communications with the Court; Cautionary;
Unanimous Verdict; Verdict Form

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your discussions and speak for you here in court.

It is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

Your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

Finally, a form of verdict has been prepared for your convenience. The verdict form is simply the written notice of the decision that you reach in this case. The form reads: [quote]. You will take this form to the jury room, and when each of you has agreed on the verdicts, your

26

foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

*SOURCE:*     *3 Federal Jury Practice and Instructions § 103.50 (5th ed.).*

**PROPOSED JURY INSTRUCTION NO. 24**
Verdict Forms – Jury's Responsibility

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

*SOURCE:      3 Federal Jury Practice and Instructions § 106.06 (6th ed.).*

28

## <u>VERDICT FORM</u>

**Equal Credit Opportunity Act**

[   ]   On Plaintiff's claim for Prospect's violation of the Equal Credit Opportunity Act, we unanimously find, by a preponderance of the evidence, that she is entitled to recover $_____ for her actual damages and $_____ for her statutory damages.

-OR-

[   ]   Plaintiff is not entitled to recover any damages.

**Constructive Fraud**

[   ]   On Plaintiff's claim for constructive fraud, we unanimously find, by clear and convincing evidence, that Plaintiff has proved constructive fraud by Prospect and that she is entitled to recover $_____ for her actual damages.

-OR-

[   ]   Plaintiff has failed to prove constructive fraud against Prospect.


_____                              _____
DATE                                                                           FOREPERSON

29

Dated: October 22, 2013

PROSPECT MORTGAGE, LLC

By: /s/ Robert D. Perrow
Robert D. Perrow (VSB No. 14766)
J.P. McGuire Boyd, Jr. (VSB No. 72753)
WILLIAMS MULLEN, PC
P. O. Box 1320 (23218-1320)
200 South 10th St., Suite 1600
Richmond, VA 23219
Facsimile: 804.420.6507
Telephone: 804.420.6927
Email: bperrow@williamsmullen.com
Email: mboyd@williamsmullen.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2013, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

Thomas D. Domonoske, Esq.
Thomas D. Domonoske, Attorney at Law
461 Lee Ave.
Harrisonburg, VA 22802
Telephone: 540.442.7706
tomdomonoske@earthlink.net

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb St.
Petersburg, VA 23803
Telephone: 804.861.6000
dale@pittmanlawoffice.com
Karen@pittmanlawoffice.com

F. Peter Silva, II, Esq.
1325 G Street NW, Ste. 500
Washington, D.C.  20005
Telephone: 202.380.9355
Peter. Silva@gowengroup.com
*Counsel for Plaintiff*

James G. Smalley, Esq.
Cyron & Miller LLP
100 N Pitt St. Ste. 200
Alexandria, VA 22314-3134
Telephone: 703.299.0600
Email: jsmalley@cyronmiller.com
*Counsel for American Portfolio Mortgage Corp*

By: /s/ Robert D. Perrow
Robert D. Perrow (VSB No. 14766)
J.P. McGuire Boyd, Jr. (VSB No. 72753)
WILLIAMS MULLEN, PC
P. O. Box 1320 (23218-1320)
200 South 10th St., Suite 1600
Richmond, VA 23219
Facsimile: 804.420.6507
Telephone: 804.420.6927
Email: bperrow@williamsmullen.com
Email: mboyd@williamsmullen.com

23624840_1

2